IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT PETERICH,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MCGREE, SGT. LACI WILLIAMS, CAPTAIN MARK JOHNSON, and BUTTE SILVERBOW COUNTY JAIL,[1]<br><br>Defendants. | CV 15-65-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Defendant Butte-Silver Bow Detention Facility/Center/Jail's Motion to Dismiss (Doc. 13) and Plaintiff Robert Peterich's Motion to Amend (Doc. 22). Defendant indicated they could not contact Mr. Peterich due to his incarceration in order to comply with Local Rule 7.1. Rule 7.1 is mandatory and there is no exception for incarcerated persons. In the future, all parties must comply with Rule 7.1 at least by writing a letter. Any further motions without sufficient 7.1 compliance will be denied.

---

[1] The case style has been amended to reflect the dismissal of St. James Hospital by Order dated December 16, 2015. (Doc. 12.)

1

## I. Motion to Dismiss

The Silver Bow County Detention Center/Jail is not an entity capable of being sued. In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. § 7-32-2120. A detention facility is merely a building that cannot be sued. *Barnes v. Missoula County Detention Facility*, 2008 WL 5412448 (D. Mont. 2008).

Peterich does not dispute the dismissal of the Silver Bow County Jail but he asks that his Complaint apply to the Silver Bow County Detention Facility. Like the jail, the detention facility is merely a building that cannot be sue. Further, Peterich has not brought any allegations against this defendant. The motion should be granted.

## II. Motion to Amend Complaint

In light of the Jail's motion to dismiss, Peterich filed a motion to amend his Complaint seeking to add Butte Silver Bow County. A municipality, such as Butte Silver Bow County, cannot be held liable under section 1983 "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *see also Board of County Comm'rs v.*

*Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior"). Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385(1989). A claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (*citing Monell*, 436 U.S. at 694–695.) To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

Peterich seeks to add the County on the grounds that Sgt. Laci Williams and Captain Mark Johnson are employed by the County and Doctor McGree is contracted through the County. Since he is attempting to hold the County liable simply for employing individuals who may have violated his constitutional rights,

3

his motion must be denied without prejudice. Peterich may, however, amend his Complaint within the deadline set by the Court's Scheduling Order, filed contemporaneously herewith, to provide additional factual allegations against the County, if he can, in an attempt to meet the elements set forth above.

Based on the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Defendant Butte-Silver Bow Detention Facility/Center/Jail's Motion to Dismiss (Doc. 13) should be granted.

2. Plaintiff Peterich's Motion to Amend (Doc. 22) should be denied without prejudice. Should Peterich wish to amend his allegations against the County he may do so within the time frame set forth in the Court's Scheduling Order.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Peterich may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of January, 2016.

Jeremiah C. Lynch
United States Magistrate Judge