IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT PETERICH, <br><br>Plaintiff, <br><br>vs. <br><br>DR. MCGREE, SGT. LACI WILLIAMS, and CAPTAIN MARK JOHNSON, <br><br>Defendants. | CV 15-65-BU-BMM-JCL <br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Robert Peterich has filed a document entitled, "Verified Motion for Notice and Verified Motion for Preliminary Injunction for Official Acts of Retaliation and Interfearing [sic] with Access to Courts." (Doc. 56.) He seeks an injunction on the grounds that officers at Montana State Prison, where he is currently incarcerated, have scared one of his witnesses and refused to notarized his witness statement, moved Peterich to a different unit, and denied Peterich access to the law library. *Id.*

As a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*,

1

753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, Peterich is seeking an order directed toward employees at Montana State Prison. These are not parties to this suit and therefore the request for injunctive relief should be denied.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

Peterich's "Verified Motion for Notice and Verified Motion for Preliminary Injunction for Official Acts of Retaliation and Interfearing [sic] with Access to Courts" (Doc. 56) should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Peterich may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of June, 2016.

Jeremiah C. Lynch
United States Magistrate Judge