IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT PETERICH<br><br>Plaintiff,<br><br>vs.<br><br>DR. MCGREE, ET AL.<br><br>Defendants. | CV 15-65-BU-BMM-JCL<br><br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Robert Peterich filed a Motion for Preliminary Injunction on June 20, 2016. (Doc. 56). United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on June 20, 2016. (Doc. 57 at 3.) Judge Lynch has recommended that the Court deny Plaintiff's "Verified Motion for Notice and Verified Motion for Preliminary Injunction for Official Acts of Retaliation and Interfearing [sic] with Access to Courts." *Id*. at 2.

Neither party filed objections. When a party makes no objections, the Court need not review de novo the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149–152 (1986). This Court will review Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

The Court, as a general rule, cannot issue orders against individuals who represent non-parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969). Injunctions can bind only the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons in active concert or participation with any of the aforementioned. Fed. R. Civ. P. R. 65. The Ninth Circuit has rejected a claim for injunctive relief on behalf of parties not before the court, even where the Court found Plaintiffs were entitled to injunctive relief. *Zepada v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

Peterich has asked for an injunction to compel action from individuals who are not parties or related to the parties in a manner designated by statute. Peterich sought an order directed toward employees at Montana State Prison. Neither Montana State Prison nor the individuals named in the motion are parties in the underlying suit. Judge Lynch recommended that the Court deny Peterich's claim since none of the parties named in the motion are parties in the underlying suit.

The Magistrate Judge did not commit clear error in denying the Motion for Preliminary Injunction. This Court adopts Judge Lynch's Findings and Recommendations in full.

Accordingly, **IT IS ORDERED** that Peterich's Motion for Preliminary Injunction is **DENIED**.

DATED this 11th day of July, 2016.

/s/ Brian Morris
Brian Morris
United States District Court Judge