# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| ROBERT PETERICH,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MCGREE, SGT. LACI WILLIAMS, and CAPTAIN MARK JOHNSON,<br><br>Defendants. | CV-15-65-BU-BMM-JCL<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Plaintiff Robert Peterich, a former state prisoner at Butte Silver Bow County Detention Center (BSBDC), filed a Complaint *pro se* alleging violations of 42 U.S.C. § 1983, pursuant to the Eight Amendment Cruel and Unusual Punishment Clause and the Fourteenth Amendment Equal Protection Clause. (Doc. 1.) Peterich alleges that Defendants violated his constitutional rights when they allegedly ignored his medical requests for a new diet and for hernia surgery. *Id.* Defendants have filed Motions for Summary Judgment. (Doc. 66, 74.) United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on March 24, 2017. (Doc. 90.) Neither party filed objections.

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch recommends that the Court grant Defendants' Motions for Summary Judgment. (Doc. 90 at 26.) Judge Lynch states that a deliberate indifference standard applies to Peterich's claim of inadequate medical care. *Id.* at 13. Two components constitute this standard. The plaintiff must first demonstrate that she or he possessed a serious medical need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must also demonstrate that the defendants responsed with deliberate indifference. *Id.* Judge Lynch concluded that Peterich failed to meet either prong of the standard, as applied to all three Defendants. (Doc. 90 at 17, 19, 22.)

Judge Lynch reasoned that Peterich conceded in his deposition that he had not had cancer or chemotherapy and thus was not in need of a different diet. *Id.* at n.3. Judge Lynch also determined that Defendant Dr. McGree had responded reasonably to Peterich's medical requests for hernia surgery. *Id.* at 22. Dr. McGree had made a reasonable medical evaluation that Peterich's hernia was reducible and not incarcerated. *Id.* at 20. Dr. McGree concluded that the condition of Peterich's

hernia did not require an immediate surgical remedy. *Id.* Dr. McGree still sent a surgery referral to the DOC, but this referral was denied. *Id.* at 22. Judge Lynch concluded that no Defendant in this matter had been deliberately indifferent. *Id.* at 17, 19, 22.

Judge Lynch also noted that Peterich raises a Fourteenth Amendment Equal Protection claim in his Complaint. *Id.* at 22. Judge Lynch determined, however, that Peterich identifies no classification on which the Defendants had relied in allegedly discriminating against him. *Id.* at 23. Peterich also demonstrates no facts to the effect that he was treated differently than other similarly situated persons by Defendants. *Id.* Judge Lynch determined that Peterich's equal protection claim fails as a matter of law. *Id.*

Peterich did not claim medical malpractice in his Complaint, but Dr. McGree moved for summary judgment to the extent the Court construed Peterich's Complaint to contain such a claim. *Id.* at 24. Judge Lynch determined that Montana Law requires standard of care experts in this instance and that Peterich has failed to identify or disclose any experts. *Id.* at 24–25. Judge Lynch concluded that summary judgment on any possible medical malpractice claim proved appropriate.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error in Judge Lynch's Findings and Recommendations and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 90), is ADOPTED IN FULL.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (Doc. 66, 74), are GRANTED, and this matter is DISMISSED. The Clerk of Court is directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 21st day of June, 2017.

Brian Morris
United States District Court Judge